IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARIE VANN JOHNSON                                                                                    PLAINTIFF

vs.                                              Civil No. 2:20-cv-02198

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

Marie Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 4.[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications on December 22, 2016, DIB, and December 26, 2016, SSI.  (Tr. 67, 108, 126, 146, 167).  In these applications, Plaintiff alleges being disabled due to being born with one arm shorter than the other that will not bend, neck and

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 17.  These references are to the page number of the transcript itself not the ECF page number.

back pain, and carpal tunnel syndrome. (Tr. 107-108, 125-126, 145-146, 166-167). Plaintiff alleged an onset date of November 18, 2016. (Tr. 67, 108, 126, 146, 167). These applications were denied initially on February 28, 2018, and again on June 11, 2018. (Tr. 67, 191-193, 194-197, 202-203). After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 204-211). Plaintiff's administrative hearing was held in Fort Smith, Arkansas on August 29, 2019. (Tr. 87-100). Plaintiff was present and represented by counsel, David Harp, at this hearing. *Id*. Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id*.

On December 11, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 64-80). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 69, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 18, 2016, her alleged onset date. (Tr. 69, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: congenitally mildly shortened humerus, status post right ganglion cyst excision, status post right carpal tunnel release, mild lumbar spurring, depressive disorder due to another medical condition, anxiety disorder due to another medical condition, and borderline intellectual functioning. (Tr. 70, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 70, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC"). (Tr. 72-78, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

2

>CFR 404.1567(b) and 416.967(b) except that she can occasionally overhead reach with her left upper extremity; frequently finger with her right upper extremity; and is able to perform work where interpersonal contact is incidental to the work performed (e.g. assembly work), the complexity of tasks is learned and performed by rote with few variable and little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 72, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was capable of performing her PRW as an Injection Molding Machine Tender. (Tr. 79, Finding 6). In accordance with this finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from her alleged onset date of November 18, 2016, through December 11, 2019, the date of the ALJ's decision. (Tr. 79-80, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On September 10, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On November 4, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 4, 2020. ECF No. 4. This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) whether substantial evidence supports the ALJ's RFC determination; and (2) whether substantial evidence supports the ALJ's Step 4 finding. ECF No. 19. After thoroughly reviewing the record, the Court finds the ALJ's RFC determination is not supported by substantial evidence. Because of this finding it is not necessary to address Plaintiff's remaining argument.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is assessed using all relevant evidence in the record. *Id*. The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

On February 19, 2018, Dr. Patricia Walz performed a mental diagnostic consultative examination and opined Plaintiff's social skills were impaired by her irritability. (Tr. 429-433). In addition, Dr. Walz noted Plaintiff's attention and concentration were impaired and found her intellectual functioning in the borderline range. (Tr. 432). Moreover, Dr. Walz concluded Plaintiff's speed of information processing was a bit slow and pain would be her most limiting factor in sustaining persistence in completing tasks. *Id*. Furthermore, Plaintiff has problems

getting along with family, friends, and neighbors, and she does not get along well with authority figures. (Tr. 334-335). Plaintiff also revealed in her Function Report she can't comb her hair because of her arm pain and testified at the administrative hearing she still has postoperative pain from her carpal tunnel syndrome. (Tr. 95, 330).

On February 27, 2018, Dr. Chester Carlson performed a physical consultative examination and found a limited range of motion in Plaintiff's right wrist and a reduced range of motion in her left shoulder. (Tr. 78, 437-441). In July 2019, Plaintiff saw Dr. Zeshan Gohar reporting her left shoulder, arm, and numbness had not improved and expressed oral steroids and a steroid injection did not provide any relief. (Tr. 513). According to her physical exam, Plaintiff exhibited a decreased musculoskeletal range of motion, had difficulty shrugging her left shoulder, and could not supinate her left arm. *Id*. Plaintiff returned to Dr. Gohar in January 2020, and she manifested a limited range of motion and reported pain severity of eight out of ten. (Tr. 61). Plaintiff was unable to even perform a full musculoskeletal exam due to pain. (Tr. 62).

The ALJ's RFC determination must be supported by medical evidence that addresses Plaintiff's ability to function in the workplace. "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press [her] case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC.

On remand, the ALJ is directed to address interrogatories to appropriate experts to consider both physical and mental impairments, requesting said experts review all of Plaintiff's medical records; complete RFC assessments regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessments so an informed decision can be made

regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments supported by the evidence.

The undersigned acknowledges the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of July 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE